UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>    Plaintiff,<br><br>v.<br><br>TJX COMPANIES dba HOMEGOODS,<br><br>    Defendant. | Case No.  21-cv-06714-VKD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 12 |

## I. BACKGROUND

Pro se plaintiff Fernando Gastelum brings this action based on accessibility barriers he claims he encountered at a store located in Gilroy, California and allegedly owned or operated by defendant TJX Companies ("TJX").[1] According to his complaint, Mr. Gastelum is missing one leg and uses a wheelchair for mobility. Dkt. No. 1 ¶ 1. Mr. Gastelum claims that he visited the store on June 30, 2021 and encountered the following barriers that prevented him from having equal access to the store: "[u]nsecured carpets within the store [that] impede [his] ability to wheel [him]self over uneven ground in [his] wheelchair"; "[p]rotruding objects [that] reduce clear width of accessible routes between rows of merchandising displays" that "make[] it more difficult for [him] to move between the rows of merchandise and shop in [his] wheelchair"; "[c]ear width of accessible routes less than 32 inches between rows of merchandising displays" that "makes it more difficult for [him] to move between the rows of merchandise and shop in [his] wheelchair"; and a

---

[1] TJX says that the proper party to this lawsuit is HomeGoods, Inc., not The TJX Companies, Inc. Dkt. No. 12 at 1 n.1.

1  "[r]estroom door requir[ing] greater than 5 lbs of force to open" that "makes it more difficult for him to open the restroom door to use the facility in [his] wheelchair." *Id.* ¶¶ 4(a)-(d). He alleges that he "will not return back to Defendant's place until it becomes fully compliant with federal and state disability laws." *Id.* ¶ 6.

Mr. Gastelum appears to assert claims under Title III of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12182 *et seq.*, and the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53.[2] Dkt. No. 1. He seeks injunctive relief, as well as statutory damages, attorneys' fees, and costs. *Id.* at 2.

TJX now moves pursuant to Rule 12(b)(1) to dismiss the complaint, arguing that Mr. Gastelum does not have Article III standing to pursue this action. Mr. Gastelum opposes the motion. The matter is deemed suitable for determination without oral argument. Civil L.R. 7-1(b). The January 25, 2022 hearing is vacated. Upon consideration of the moving and responding papers, the Court grants TJX's motion to dismiss with leave to amend.[3]

## II.  LEGAL STANDARD

Standing is a jurisdictional issue properly addressed under a Rule 12(b)(1) motion. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). A Rule 12(b)(1) motion to dismiss challenges a federal court's jurisdiction over the subject matter of a plaintiff's complaint. A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings (a "facial attack") or by presenting extrinsic evidence (a "factual attack"). *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). "In a facial attack, the challenger asserts that the allegations contained in a

---

[2] Mr. Gastelum's complaint does not identify discrete claims for relief. While his complaint states that the store in question "was not compliant with the Americans with Disabilities Act and the California's civil rights laws and California disabled person's law" (Dkt. No. 1 ¶ 4), he does not identify the particular statute or statutes on which he bases his state law claims. In view of the complaint's request for "[d]amages under California law for $4,000 per violation," (*id.* at 2), it appears that Mr. Gastelum seeks to assert a claim under the Unruh Act. *See* Cal. Civ. Code § 52(a).

[3] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 9, 14.

complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a facial attack on jurisdiction, the record is limited to the complaint and materials that may be judicially noticed. *See Hyatt v. Yee*, 871 F.3d 1067, 1071 n.15 (9th Cir. 2017). Additionally, the Court accepts well-pled allegations of the complaint as true, draws all reasonable inferences in Mr. Gastelum's favor, and determines whether his allegations are sufficient to support standing. *Id*.

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and "need not presume the truthfulness of the plaintiff's allegations." *Id.* "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Id*. (internal quotations and citation omitted).

As the party asserting federal subject matter jurisdiction, Mr. Gastelum bears the burden of establishing its existence. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III.     DISCUSSION

### A.      Standing re ADA Claim

Under Article III of the Constitution, federal courts have jurisdiction to decide only actual "Cases" or "Controversies," U.S. Const., art. III, § 2, and Mr. Gastelum has standing to sue if he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Mr. Gastelum's claimed injury must be both "particularized" and "concrete." A "particularized" injury is one that "'affect[s] the plaintiff in a personal and individual way.'" *Spokeo, Inc.*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560 n.1). A "concrete" injury "must actually exist" and must be "real, and not abstract." *Id*. at 340.

Additionally, in the context of injunctive relief, which is the only remedy available to Mr. Gastelum under Title III of the ADA, he "must demonstrate a 'real and immediate threat of repeated injury' in the future." *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (quoting *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004)); *see also Lujan*, 504 U.S. at 564 ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.") (internal quotation marks omitted)).  Thus, an ADA plaintiff may establish standing "either by demonstrating deterrence, or by demonstrating injury-in-fact coupled with an intent to return to a noncompliant facility." *Chapman*, 631 F.3d at 944.  While courts take a broad view of constitutional standing in disability access cases, "the ADA's reach is not unlimited." *Id.* at 946.

In his opposition papers, Mr. Gastelum indicates that his complaint is based on a "deterrence" theory, "and not on injury in fact coupled with intent to return." Dkt. No. 15 at 5. TJX says that its present motion to dismiss raises a factual attack on jurisdiction, arguing that the complaint's allegations are conclusory and hypothetical, and that Mr. Gastelum's credibility regarding deterrence is questionable. *See* Dkt. No. 12 at 1, 3, 8, 9; Dkt. No. 17 at 2.  Noting that the complaint indicates that Mr. Gastelum lives in Arizona (*see* Dkt. No. 1 at 1), TJX asserts that Mr. Gastelum has filed a number of other disability access cases based on alleged visits to other places of public accommodation throughout California on or around the same day he reportedly visited the store at issue in the present case. Dkt. No. 12 at 9-12.  In particular, TJX notes that these other lawsuits indicate that on June 29 and 30, 2021, Mr. Gastelum claims to have visited various hotels and other establishments (including the store in question) in San Diego, Gilroy and Sacramento, California.  *Id*.  In essence, TJX says that this evidence shows that Mr. Gastelum "was on a drive-by lawsuit spree, dashing from businesses to business all over the state in order to create a basis for his claims." Dkt. No. 12 at 12.  Mr. Gastelum does not refute the information presented by TJX concerning his lawsuits or directly address TJX's assertions.

The Ninth Circuit has held that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when the jurisdictional issue and substantive issues are so intertwined that the

4

1  question of jurisdiction is dependent on the resolution of factual issues going to the merits of an
2  action." *Safe Air for Everyone*, 373 F.3d at 1039 (internal quotations and citation omitted). "The
3  question of jurisdiction and the merits of an action are intertwined where a statute provides the
4  basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive
5  claim for relief." *Id*. (internal quotations and citation omitted). To the extent TJX questions the
6  plausibility of Mr. Gastelum's claim to have visited the store in question, that is an issue going to
7  the merits of his claims that the Court declines to resolve on the present record at this stage of the
8  proceedings. Moreover, insofar as TJX questions Mr. Gastelum's motives for visiting the store in
9  question, "motivation is irrelevant to the question of standing under Title III of the ADA." *Civil
10 Rights Educ. & Enf't Ctr. v. Hospitality Props. Tr*. ("*CREEC*"), 867 F.3d 1093, 1102 (9th Cir.
11 2017); *see also D'Lil v. Best Western Encina Lodge & Suites,* 538 F.3d 1031, 1040 (9th Cir. 2008)
12 ("Accordingly, we must be particularly cautious about affirming credibility determinations that
13 rely on a plaintiff's past ADA litigation."); *Johnson v. Garden Court Inn LLC*, No. 21-cv-01546-
14 HSG, 2021 WL 3209721, at *4 (N.D. Cal. July 29 2021) ("Defendant is of course free to
15 challenge the sincerity of Plaintiff's intention to return to the hotel later in this litigation, but the
16 Court declines to make credibility determinations at this preliminary stage.").

17 Even so, the Court agrees that Mr. Gastelum has not established his Article III standing
18 whether based on an intent to return or deterrence. To the extent Mr. Gastelum intends to proceed
19 on a deterrence theory, "[t]o establish standing based on deterrence, an ADA plaintiff must
20 demonstrate that he would return but for the barrier." *Feezor v. Sears, Roebuck & Co*., 608 F.
21 App'x 476, 477 (9th Cir. 2015); *see also Doran v. 7-Eleven, Inc*., 524 F.3d 1034, 1041 (2008)
22 ("Allegations that a plaintiff has visited a public accommodation on a prior occasion and is
23 currently deterred from visiting that accommodation by accessibility barriers establish that a
24 plaintiff's injury is actual or imminent.") (citing *Pickern v. Holiday Quality Foods Inc*., 293 F.3d
25 1133, 1138 (9th Cir. 2002)). Conclusory allegations of deterrence, however, are insufficient.
26 *Feezor*, 608 F. App'x at 477. Mr. Gastelum relies on the bare assertion that he "will not return
27 back to Defendant's place until it becomes fully compliant with federal and state disability laws."
28 Dkt. No. 1 ¶ 6; Dkt. No. 16 ¶ 17. Such conclusory allegations are insufficient to establish a

plausible likelihood of future injury and true deterrence from returning to the store. *See Strojnik v. Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d 1332, 1341 & 1345 n.3 (E.D. Cal. 2020) ("Mere conclusory assertions that an ADA plaintiff intends to return and is deterred from returning to a place are insufficient."); *Barnes v. Marriott Hotel Servs., Inc.*, No. 15-CV-01409-HRL, 2017 WL 635474, at *7 (N.D. Cal. Feb. 16, 2017) ("[T]he injury alleged by the plaintiff—whether based on an intent to return or deterrence—cannot be based only on conclusory statements unsupported by specific facts."). *Cf. Whitaker v. Ramon Bravo, Inc.,* No. 21-cv-03714-JCS, 2021 WL 4133871, at *4 (N.D. Cal. Sept. 10, 2021) (finding that the plaintiff sufficiently alleged imminent future injury based on allegations that he is an ADA tester who frequently travels to the Bay Area, including the Redwood City area). TJX's argument is particularly compelling here where the store in question is over 700 miles from Mr. Gastelum's home in Arizona. Dkt. No. 12 at 1. Mr. Gastelum's failure to respond to TJX's argument on this point suggests it may not be possible for him to truthfully and plausibly allege deterrence or an intent to return.

The Court finds nothing in the Ninth Circuit's decisions in *CREEC* or *Whitaker v. Tesla Motors, Inc*., 985 F.3d 1173 (9th Cir. 2021) to support Mr. Gastelum's suggestion that conclusory allegations of deterrence or an intent to return are sufficient to establish Article III standing. To the contrary, *Whitaker* reaffirmed that the standard for pleading standing to pursue an ADA claim is described in detail in the Ninth Circuit's en banc decision in C*hapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939 (9th Cir. 2011). *See Whitaker*, 985 F.3d at 1179. *Chapman*, in turn, makes clear that conclusory allegations are insufficient. *See Chapman*, 631 F.3d at 954 ("While we are mindful of the generous pleading standards that apply to civil rights plaintiffs, a liberal interpretation of a . . . civil rights complaint may not supply essential elements of the claim that were not initially pled. Chapman's complaint fails to sufficiently allege the essential elements of Article III standing.") (internal quotations and citation omitted); *id.* at 953 ("[Plaintiff] lacks standing if he is indifferent to returning to the store or if his alleged intent to return is not genuine, or if the barriers he seeks to enjoin do not pose a real and immediate threat to him due to his particular disability."). *See also Bakersfield Convention Hotel I, LLC*, 436 F. Supp. 3d at 1343 ("Plaintiff's implicit suggestion that *CREEC* somehow undid decades of Ninth Circuit and

6

Supreme Court precedents to hold for the first time that conclusory allegations of one's intent to return and deterrence from returning to a place to be sufficient to establish imminent future harm is neither logical nor rooted in the four corners of the case."); *Gastelum v. Canyon Hospitality LLC*, No. CV-17-02792-PHX-GMS, 2018 WL 2388047, at *6 (D. Ariz. May 25, 2018) (stating that *CREEC* "did not relax the requirement that the Plaintiff demonstrate real and immediate threat of repeated injury by showing a legitimate intent to visit again the public accommodation in question.").

Accordingly, the Court concludes that Mr. Gastelum has not shown that he has standing to seek injunctive relief under the ADA. TJX's motion to dismiss the complaint for lack of subject matter jurisdiction is granted.

### B. State Law Claim

Having dismissed Mr. Gastelum's ADA claim for lack of standing, this Court has no authority to retain jurisdiction over his state law claim. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002) (citing 28 U.S.C. § 1367(a)). The state law claim is dismissed without prejudice.

### C. Leave to Amend

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," because "the court must remain guided by the underlying purpose of Rule 15 . . . to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (alterations and internal quotation marks omitted). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

On the present record, the Court cannot rule out the possibility that Mr. Gastelum can plausibly allege facts supporting Article III standing if given leave to amend. For this reason, he may amend his complaint to address the deficiencies described in this order by pleading specific

facts to support his alleged deterrence from returning to the store in question.  Additionally, to the extent he seeks to reassert claim(s) under state law, Mr. Gastelum should identify the particular statute or statutes on which he bases those claims.

## IV. CONCLUSION

Based on the foregoing, TJX's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is granted.  To the extent Mr. Gastelum chooses to amend his complaint, his amended complaint must be filed, in compliance with this order, no later than **February 9, 2022**.

**IT IS SO ORDERED.**

Dated: January 19, 2022

VIRGINIA K. DEMARCHI
United States Magistrate Judge