UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FERNANDO GASTELUM,<br><br>    Plaintiff,<br><br>  v.<br><br>THE TJX COMPANIES, INC.,<br><br>    Defendant. | Case No. 21-cv-06714-VKD<br><br>**ORDER DECLINING SUPPLEMENTAL JURISDICTION RE UNRUH ACT CLAIM** |

  Asserting claims under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12182, *et seq*. and the California Unruh Civil Rights Act ("Unruh Act"), Cal. Civ. Code §§ 51-53, pro se plaintiff Fernando Gastelum challenges accessibility barriers he claims he encountered at stores allegedly owned or operated by defendant The TJX Companies, Inc. ("TJX"). In its most recent effort to dismiss Mr. Gastelum's claims based on issues of jurisdiction and standing, TJX contended that Mr. Gastelum lacked Article III standing to pursue his ADA claim. TJX also argued that the Court should either dismiss Mr. Gastelum's Unruh Act claim or decline to exercise supplemental jurisdiction over that claim. *See* Dkt. No. 28.

  On January 25, 2023, the Court denied TJX's motion to dismiss the ADA claim as to a HomeGoods store in Gilroy, California. In that same order, Mr. Gastelum was ordered to show cause why this Court should not decline to exercise supplemental jurisdiction over his Unruh Act claim. Dkt. No. 45. Mr. Gastelum timely filed his response to that order. Dkt. No. 46. Although TJX was given an opportunity to file a response by February 15, 2023, it did not to do so. The matter is deemed suitable for determination without oral argument. Upon consideration of Mr. Gastelum's response to the January 25 order to show cause, the Court declines to exercise

supplemental jurisdiction over his Unruh Act claim.

Where a federal court has original jurisdiction over a claim pursuant to federal law, it also has supplemental jurisdiction over related state law claims. 28 U.S.C. § 1367(a). Federal courts may decline to exercise supplemental jurisdiction over a claim "in exceptional circumstances" when there are "compelling reasons" for doing so. *Id*. § 1367(c)(4). In determining whether "compelling reasons" exist in a given case, courts consider the so-called "*Gibbs* values" of judicial economy, convenience, fairness, and comity. *Arroyo v. Rosas*, 19 F.4th 1202, 1210-11 (9th Cir. 2021) (referring to *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)). The decision whether to exercise supplemental jurisdiction over a state-law claim under § 1367(c)(4) is governed by a two-step inquiry. The "district court must: (1) sufficiently explain 'why the circumstances of the case are exceptional' under § 1367(c)(4); and (2) show that 'the balance of the *Gibbs* values provides compelling reasons for declining jurisdiction in such circumstances.'" *Vo v. Choi*, 49 F.4th 1167, 1171 (9th Cir. 2022) (quoting *Arroyo*, 19 F.4th at 1210-11). These two inquiries are "'not particularly burdensome.'" *Id*. (quoting *Arroyo*, 19 F.4th at 1211).

Mr. Gastelum does not dispute that comity weighs in favor of declining jurisdiction over the Unruh Act claim. *See* Dkt. No. 46 at 5. Indeed, in *Arroyo*, the Ninth Circuit concluded that California's heightened pleading standards for Unruh Act claims brought by a "high-frequency litigant"[1] provided an "exceptional circumstance" for purposes of supplemental jurisdiction. Specifically, *Arroyo* explained that California's "procedural strictures" were enacted to "balance [the State's] objectives of allowing monetary relief, avoiding undue burdens on businesses, and realigning undesirable incentives for plaintiffs." *Arroyo*, 19 F.4th at 1213. Permitting such plaintiffs to pursue Unruh Act claims in federal court creates "an end-[run] around California's requirements, thereby allowing a wholesale evasion of those critical limitations on damages relief under the Unruh Act," "threatens unusually significant damage to federal-state comity and presents exceptional circumstances within the meaning of § 1367(c)(4)." *Id*. (internal quotations

---

[1] California law defines a "high-frequency litigant" to mean "[a] plaintiff who has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation." Cal. C.C.P. § 425.55(b)(1).

1   omitted).

2       Such "exceptional circumstances" are present here, as Mr. Gastelum does not dispute that, were he to file his Unruh Act claim in state court, he would be subject to the "procedural structures" established by the California legislature to further the interests described in *Arroyo*. The comity factor thus weighs significantly in favor of declining jurisdiction over Mr. Gastelum's Unruh Act claim because the "wholesale shifting" of such claims to federal court "threatens to substantially thwart California's carefully crafted reforms in this area and to deprive the state courts of their critical role in effectuating the policies underlying those reforms." *Arroyo*, 19 F.4th at 1213.

    Mr. Gastelum nonetheless maintains that the other *Gibbs* values of judicial economy, fairness, and convenience weigh in favor of exercising supplemental jurisdiction over his Unruh Act claim. To the extent Mr. Gastelum purports to assert arguments on TJX's behalf, those arguments are given little weight. As noted above, TJX requested that the Court decline supplemental jurisdiction over the Unruh Act claim, and TJX chose not to present any further argument in response to the Court's January 25, 2023 order to show cause. Mr. Gastelum otherwise contends that being required to refile his Unruh Act claim in state court and to pay the additional filing fee would not serve interests of judicial economy. He also argues that it is neither fair nor convenient to require him to deal with state court filing systems that he finds "complex" and less efficient than those in federal court. *See* Dkt. No. 46 at 5.

    While judicial economy and convenience may weigh in favor of exercising supplemental jurisdiction over the Unruh Act claim, those interests weigh less heavily early in a case than at a "very late stage" in the litigation when a plaintiff's ADA claim has been adjudicated on the merits, and the result of an Unruh Act claim is "foreordained." *Arroyo*, 19 F.4th 1214, 1215-16; *see also Vo*, 49 F.4th at 1171-72. Mr. Gastelum acknowledges that the present action is in its early stages. *See* Dkt. No. 46 at 6. In view of the early procedural status of this case, and the strong comity concerns identified by the Ninth Circuit in *Arroyo*, the Court concludes that these comity concerns outweigh any countervailing considerations of economy and efficiency that might be adversely affected by requiring Mr. Gastelum, if he so chooses, to refile his Unruh Act claim in state court.

*See Gastelum v. 4045 University, LLC*, No. 5:22-cv-01033-SVW-SP, 2022 WL 3574445, at *4 (C.D. Cal. July 21, 2022) ("At this early stage of the litigation, the convenience and judicial economy interests are at their lowest and are outweighed by the comity interest in furthering the policies underlying California's procedural reforms."). Mr. Gastelum's stated preference for federal court filing systems, do not outweigh those strong comity concerns. *See Garcia v. Maciel*, No. 21-CV-03743-JCS, 2022 WL 395316, at *5 (N.D. Cal. Feb. 9, 2022) (stating that "comity does not permit this Court to substitute its judgment for that of the California legislature in determining how best to achieve the legislature's goals.").

For these reasons, and although Mr. Gastelum notes that some courts have exercised their discretion to retain jurisdiction over Unruh Act claims,[2] this Court finds that exceptional circumstances warrant declining supplemental jurisdiction, as have a number of other courts in the ADA context. *See, e.g., Brooks v. Tapestry, Inc.*, No. 2:21-cv-00156-DAD-JDP, 2023 WL 2025024, at *7-*8 (E.D. Cal. Feb. 15, 2023); *Sepulveda v. Cai*, No. 22-cv-06471-JSC, 2023 WL 137470, at *2 (N.D. Cal. Jan. 9, 2023); *Johnson v. Kuma LLC*, No. 22-CV-01386-CRB, 2022 WL 17418977, at *2 (N.D. Cal. Dec. 5, 2022); *Johnson v. Constantia Cap. Ltd.*, No. 22-CV-01456-RS, 2022 WL 3925290, at *2 (N.D. Cal. Aug. 30, 2022); *4045 University, LLC*, 2022 WL 3574445, at *3; *Garcia*, 2022 WL 395316, at *2.

Mr. Gastelum's remaining argument that California's heightened rules regarding his Unruh Act claim are "expressly preempted" by ADA regulation 28 C.F.R. § 36.103(c)[3] does not compel a contrary conclusion, as the argument is neither well-developed nor supported by any authority that actually so holds. *See 4045 Univ., LLC*, 2022 WL 3574445 at *4 n.2 ("Not only does Plaintiff fail to cite any authority for his reading of this regulation, but his argument misunderstands

---

[2] *See* Dkt. No. 46 at 1, 2 (citing *Gastelum v. TC Heritage Inn 2 of Bakersfield LLC*, No. 1:21-cv-01230 JLT CDB, 2023 WL 405028 (E.D. Cal. Jan. 25, 2023) and *Gastelum v. Parvarti Hospitality Inc.*, No. 21-cv-06235-BLF, 2022 WL 2812176 (N.D. Cal. July 18, 2022)).

[3] The cited regulation is titled "Relationship to other laws," and provides in relevant part, "Other laws. This part does not invalidate or limit the remedies, rights, and procedures of any other Federal laws, or State or local laws (including State common law) that provide greater or equal protection for the rights of individuals with disabilities or individuals associated with them." 28 C.F.R. § 36.103(c).

preemption, the court's holding in *Arroyo*, and the California Legislature's purpose in enacting "high-frequency litigant" restrictions. Without more, this argument is unavailing."); *Gastelum v. Five Below, Inc.*, No. 1:22-cv-00825-AWI-SAB 2022 WL 6224274, at *9-*10 (E.D. Cal. Oct. 7, 2022) (finding plaintiff's preemption arguments as to Unruh Act's pleading requirements, but not monetary damages, to be "at best, paradoxical."), *report and recommendation adopted*, 2023 WL 159577 (E.D. Cal. Jan.11, 2023).

Accordingly, the Court declines to exercise supplemental jurisdiction over Mr. Gastelum's Unruh Act claim and dismisses that claim without prejudice to filing it in state court.

**IT IS SO ORDERED.**

Dated: February 24, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge